UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ROBERT MALOY,

                    Petitioner,

          -against-

BRIAN FISCHER, Commissioner, New York
State Department of Correctional Services, and
DALE ARTUS, Superintendent, Clinton
Correctional Facility,

                    Respondent.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

08 Civ. 6674 (KMK)(GAY)

TO THE HONORABLE KENNETH M. KARAS, United States District Judge

      Petitioner Robert Maloy, by and through counsel, has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, I respectfully recommend that the Court deny the petition in its entirety.

**I. BACKGROUND**

      Maloy's incarceration stems from his involvement in a fight that occurred on June 12, 2004. After arguing earlier in the day with Brian Oshinsky, Maloy gathered three accomplices and various weapons and went in search of Oshinsky, stating several times that he was going to kill someone. During the course of the ensuing incident, a bystander who came to assist Oshinsky's friend was beaten with a golf club, stabbed in the chest and killed by one of Maloy's accomplices.

      On January 27, 2005, a Sullivan County jury convicted Maloy of depraved indifference murder, as well as on other assault and weapons charges. (LaBuda, J,

1

presiding).  On March 10, 2005, the trial court sentenced him to a 25 years to life indeterminate sentence on the depraved indifference murder charge.

Maloy, by and through counsel, moved to set aside the murder verdict in a CPL § 330.30 motion, contending that the evidence presented at trial was legally insufficient to support the verdict.  Petition for Writ of Habeas Corpus, Exh. B, at 1.[1]  The motion was denied by the trial judge at sentencing.  Exh. D.  Maloy, by and through counsel, then timely appealed the judgment of conviction to the Appellate Division, Third Department, again asserting insufficiency of the evidence.[2]  Exh. E.  The Third Department, by a Memorandum and Order dated January 11, 2007, unanimously affirmed the judgment of conviction.  See People v. Maloy, 826 N.Y.S.2d 846 (N.Y. App. Div. 2007).  The New York Court of Appeals denied Maloy leave to appeal on May 2, 2007.  See People v. Maloy, 838 N.Y.S.2d 490 (N.Y. 2007).

On or about July 28, 2008, Maloy, by and through counsel, filed the instant Petition for a Writ of Habeas Corpus, wherein he argues for habeas relief on the ground that there was insufficient evidence to convict him of depraved indifference murder.  In essence, Maloy contends that the evidence demonstrated that his acts were intentional and not reckless, and therefore as a matter of law he could not properly have been convicted of depraved indifference murder, which requires a reckless *mens rea*.

---

[1] Hereinafter, all citations to "Exh.__," unless otherwise noted, refer to exhibits attached to Maloy's Petition for Writ of Habeas Corpus.

[2] Maloy appealed on several other grounds as well, none of which he raises in the instant petition.

## II. DISCUSSION

### A. Procedural Default

A federal court is precluded from reviewing a state prisoner's federal constitutional claim if the state court's prior denial of the claim rested on an independent and adequate state ground. Lee v. Kemna, 534 U.S. 362, 375 (2002). A procedural default generally qualifies as an adequate and independent state ground. Harris v. Reed, 489 U.S. 255, 262 (1989). A petitioner may, however, overcome the procedural bar by showing "cause for the default and actual prejudice as a result of the alleged violation of federal law, or . . . that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991); Lee, 534 U.S. at 375. Where a state court has expressly relied on a procedural default, federal habeas review is foreclosed even if the state court also addressed the merits of the federal claim. See Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005).

A procedural bar is "adequate" if it is "based on a rule that is firmly established and regularly followed by the state in question." Monroe v. Kuhlman, 433 F.3d 236, 241 (2d Cir. 2006) (internal quotation and citation omitted). Further, the adequacy of a state procedural bar must be examined in the context of "the specific circumstances presented in the case, an inquiry that includes an evaluation of the asserted state interest in applying the procedural rule in such circumstances." Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003). To this end, the Second Circuit has set forth the following "guideposts" for consideration.

> (1) whether the alleged procedural violation was actually relied on in the trial court, and whether perfect compliance with the state rule would have changed the trial court's decision; (2) whether state

3

> caselaw indicated that compliance with the rule was demanded in the specific circumstances presented; and (3) whether petitioner had "substantially complied" with the rule given "the realities of trial," and, therefore, whether demanding perfect compliance with the rule would serve a legitimate governmental interest.

Id. (quoting Lee, 534 U.S. at 381-85). In addition, when the last court to issue a reasoned decision relies on a state procedural bar, the court will presume that subsequent decisions rejecting the claim without discussion relied on the bar and did not silently consider the merits. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

Here, the Appellate Division was the last state court to issue a reasoned decision concerning Maloy's direct appeal. In that decision, the Appellate Division held that the contention that the evidence was legally insufficient to convict was unpreserved for appellate review. Exh. A, at 3. Accordingly, this claim is barred from further review if the state rules on which the Appellate Division relied are "firmly established and regularly followed." Cotto, 331 F.3d 239-240.

New York's contemporaneous objection rule, CPL § 470.05(2), is a "firmly established and regularly followed" rule. See Garvey v. Duncan, 485 F.3d 709, 715 (2d Cir. 2007) ("New York courts consistently interpret [CPL §] 470.05(2) to require that the defendant specify the grounds of alleged error in sufficient detail so that the trial court may have a fair opportunity to rectify any error"); Garcia v. Lewis, 188 F.3d 71, 79 (2d Cir. 1999) (Federal courts "have observed and deferred to New York's consistent application of its contemporaneous objection rules.") Thus, New York's contemporaneous objection rule is an adequate state ground to bar further review of a claim in a federal habeas petition.

4

Maloy's claim that there was insufficient evidence by which a jury could have convicted him of depraved indifference murder was not made at trial. At the close of the presentation of evidence, the court stated for the record that defense counsel was "reserving all the rights to a trial order of dismissal." (966).[3] In response, defense counsel raised an issue regarding a handgun, then stated, "Other than that I reserve." (971). No other objection or motion was made prior to the verdict.

Maloy argues that the reservation of his right to move for a dismissal, in conjunction with his post-verdict CPL § 330.30 motion addressing the sufficiency issue, is adequate to preserve the claim. He notes that pursuant to CPL § 290.10(1) the judge was allowed to "reserve decision on a motion until after the verdict has been rendered." However, CPL 290.10(1) pertains to the timing of a trial judge deciding a motion post-verdict, not to a motion being made. A reservation of the right to make a motion is not the same as actually making the motion, and there is no evidence in the record that any motion was ever actually made regarding the sufficiency of the evidence at trial. Further, New York courts are clear that a "post-verdict motion made pursuant to CPL 330.30 is not, by itself, ordinarily sufficient to preserve a 'question of law.'" People v. Padro, 75 N.Y.2d 820 (N.Y. 1990).

As Maloy did not raise any objection at trial regarding the sufficiency of the evidence, he is procedurally barred from raising it now unless he is able to demonstrate either cause for his default and actual prejudice, or that the failure to consider his claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750.

---

[3] Numbers in parentheses refer to pages from the trial transcript.

To establish cause for the default, a petitioner must adduce "some objective factor external to the defense" which explains why he did not raise the claim previously. Murray v. Carrier, 477 U.S. 478, 488 (1986); Gonzalez v. Sullivan, 934 F.2d 419, 422 (2d Cir. 1991).  Among the circumstances giving rise to cause are: (1) situations in which the factual or legal basis for a claim was not reasonably known by counsel, (2) interference by government officials which makes compliance impracticable, and (3) ineffective assistance of counsel.  Murray, 477 U.S. at 488; Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994).

Maloy does not put forth any reason for his default and therefore fails to show cause.  As he does not show cause, I need not address whether he can show prejudice. Levine v. Commissioner of Corr. Servs., 44 F.3d 121, 127 (2d Cir.1995);  Stepney v. Lopes, 760 F.2d 40, 45 (2d Cir.1985).

Nor does Maloy demonstrate that a fundamental miscarriage of justice will result if his claim is not considered.  To establish a 'miscarriage of justice,' a petitioner must demonstrate that he is "actually innocent."  Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir.2001).  This exception is "tied . . . to a petitioner's innocence" and exists to protect those who are "*entirely* innocent."  Schlup v. Delo, 513 U.S. 298, 321, 325 (1995) (emphasis added).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."  Bousley v. United States, 523 U.S. 614, 623 (1998).

As there is no evidence of Maloy's actual innocence, and no cause for the procedural default, Maloy's claim of insufficient evidence should be dismissed.

### III. CONCLUSION

For the foregoing reasons, I respectfully recommend that the instant Petition for a Writ of Habeas Corpus be denied in its entirety.

### IV. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(3) of the Rules governing § 2254 proceedings, the parties shall have fourteen (14) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections. See Rule 11 of the Rules governing § 2254 proceedings; Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Kenneth M. Karas at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Kenneth M. Karas and not to the undersigned.

Dated: February 9, 2011
White Plains, New York

Respectfully Submitted,

_____
GEORGE A. YANTHIS, U.S.M.J.