UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

ROBERT MALOY,

                        Petitioner,

-v-

BRIAN FISCHER, Commissioner, New York State Department of Correctional Services, and DALE ARTUS, Superintendent, Clinton Correctional Facility,

                        Respondents.

---

No. 08-CV-6674 (KMK) (GAY)

<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

KENNETH M. KARAS, District Judge:

Petitioner Robert Maloy ("Petitioner"), by and through counsel, brings this writ of habeas corpus ("Petition"), pursuant to 28 U.S.C. § 2254, challenging his conviction of depraved indifference murder. (Pet. ¶¶ 1, 7.) Petitioner was convicted of depraved indifference murder as well as twelve other assault and weapons charges, and sentenced to an aggregate prison term of 130 years to life. (*Id.* ¶ 7.)

The case was referred to Magistrate Judge George A. Yanthis for review, pursuant to 28 U.S.C. § 636(b). On February 9, 2011, Magistrate Judge Yanthis issued a Report and Recommendation ("R&R"), concluding that this Court should deny the Petition in all respects. Petitioner filed a timely objection to the R&R. For the reasons stated herein, the Court adopts the R&R in its entirety and dismisses the Petition.

## I. Background

Although the Court assumes the Parties' general familiarity with the factual and procedural background of this case as set forth in the R&R, the Court will briefly summarize the

facts most salient to the Petition.

Petitioner's conviction stems from his involvement in a fight on June 12, 2004. After an altercation earlier in the day, Petitioner and three friends assaulted Michael Williams and Mitchell Pomales. (*Id.* ¶¶ 15-17.) Petitioner pointed a gun at Williams and pulled the trigger, then, when the gun did not discharge, stabbed Williams in the neck with a knife. (*Id.* ¶ 17.) Meanwhile, Petitioner's friends attacked Pomales. (*Id.* ¶¶ 17-18.) Several bystanders then joined in the fight. (*Id.* ¶¶ 18-19.) One of these bystanders, Jose Martinez, was stabbed by Petitioner while two others grabbed Martinez from behind. (*Id.* ¶ 18.) Another bystander, Martin Acosta, was stabbed in the chest by one of Petitioner's friends, and later died from the wound. (*Id.* ¶ 19.)

Petitioner and his three compatriots were charged with intentional and depraved indifference murder, gang assault, assault in the first degree, and weapons possession offenses. (*Id.* ¶ 23.) Petitioner was granted a severance and tried separately. (*Id.*) Petitioner was acquitted of the intentional murder charge, but was convicted of depraved indifference murder in the second degree, three counts of gang assault in the first degree, attempted murder in the second degree, attempted assault in the first degree, two counts of assault in the first degree, two counts of criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, and two counts of criminal possession of a weapon in the fourth degree by a Sullivan County jury on January 27, 2005. (*Id.* ¶ 7; Trial Tr. 1152-54.) At the close of the presentation of evidence, but before discussing the jury charge, the trial judge stated for the record that defense counsel was "reserving all the rights to a trial order of dismissal." (Trial Tr. 966.) Defense counsel responded by raising an issue regarding the sufficiency of evidence on the firearms charges, then stated, "[o]ther than that I reserve." (*Id.* at 971.) No other objection

or motion was made prior to the verdict.[1]

After the verdict, Petitioner moved to set aside the depraved indifference murder conviction in a CPL § 330.30 motion, contending that the evidence presented at trial was legally insufficient to support the verdict. (Pet. Ex. B, at 1.) The motion was denied by the trial judge at sentencing without opinion. (Pet. ¶ 42.) Petitioner then appealed the conviction to the Appellate Division, Third Department, again asserting insufficiency of the evidence as to the murder conviction. The Appellate Division unanimously affirmed the conviction on January 11, 2007, holding that Petitioner's "challenge to the legal sufficiency of the evidence supporting the charge

---

[1] The relevant parts of the transcript read:

Court: [dismissing jury]
Court: On the record. Mr. Sherman, on the record you are reserving all the rights to a trial order of dismissal.
Sherman: There is one issue though I need to address right now.
Court: Yes.
Sherman: There are several charges lodged against him that require proof of a loaded handgun. And a loaded handgun is defined as one that has an operable bullet. In this the evidence presented does not indicate that the bullet whether it was in the gun or not operable. I have case law on the matter for the Court to consider if need be. And I would like those charges stricken.
Court: The simple possession of a loaded handgun in terms of a separate distinct charge.
Sherman: Correct. There are two or three. And they impact on the other things of course.
Court: What do they impact?
Sherman: I believe they impact on the attempted murder charge.
[discussion of bullet issue continues]
...
Court: OK. I will look at the *Schaefer* case.
Sherman: OK.
Court: See what it has to say to the facts of the case.
Sherman: Other than that I reserve.
Court: Yes. I am wondering some of these counts are not almost given to the jury in alternative. [continues discussing jury charge]

Trial Tr. 966-72 (Jan. 25, 2005).

3

of depraved indifference murder was not adequately preserved." *People v. Maloy*, 826 N.Y.S.2d 846, 847-48 (App. Div. 2007). The Appellate Division noted that "[w]hile defendant's right to request a trial order of dismissal was reserved at the close of the People's proof, no such motion was made before the verdict was rendered." *Id.* at 848. The Court of Appeals denied Petitioner leave to appeal on May 2, 2007.

Petitioner filed the instant Petition on July 25, 2008, alleging that his "due process rights were violated when he was convicted for depraved indifference murder in the second degree even though there was insufficient evidence to establish his guilt of that crime." (Pet. ¶ 47.) In his R&R, Magistrate Judge Yanthis recommended that this Court deny the Petition in its entirety. (R&R 1.) Magistrate Judge Yanthis concluded that Petitioner's insufficient evidence claim was procedurally defaulted when counsel failed to make the claim at trial. (*Id.* at 6.) Because Magistrate Judge Yanthis found that Petitioner had not demonstrated either actual innocence or cause for the procedural default, he recommended that Petitioner's claim be dismissed as procedurally barred. (*Id.*)

Petitioner filed a timely objection to the R&R on February 18, 2011, arguing that he adequately preserved his claim "[b]y asserting that the evidence was insufficient to make out a 'depraved indifference' homicide in the post-trial motion filed pursuant to [CPL] § 330.30." (Objection and Resp. to R&R ("Obj.") 2.) Petitioner also argues that "[t]he colloquy at the close of evidence demonstrates that defense counsel was in effect directed by the judge to make his motion for a trial order of dismissal later," and that where the judge wished "to have the motion made later, petitioner should not be penalized by his attorney's acceding to the judge's direction." (*Id.* at 3-4.) Petitioner argues that defense counsel "was complying with the procedural requirements given the 'realities' of the circumstances." (*Id.* at 4.) Petitioner further

4

argues that the trial judge decided the insufficiency issue when it denied the CPL § 330.30 motion, and did not rely on the procedural violation. (*Id.* at 4-5.) Finally, Petitioner argues that "New York does not always enforce its preservation requirement rigidly," and that the Court of Appeals has "recognized that there are occasions when a CPL § 330.30 motion might be sufficient to preserve a question of law." (*Id.* at 5.)

## II. Discussion

### A. Standards of Review

#### 1. Review of Magistrate Judge's Report & Recommendation

A district court reviewing an R&R addressing a dispositive motion "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also Donahue v. Global Home Loans & Fin., Inc.*, No. 05-CV-8362, 2007 WL 831816, at *1 (S.D.N.Y. Mar. 15, 2007). Under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), parties may submit objections to the magistrate judge's R&R. The objections must be "specific" and "written," and must be made "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

Where a party submits timely objections to an R&R, as Petitioner has here, the district court reviews de novo the parts of the R&R to which the party objected. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Donahue*, 2007 WL 831816, at *1. The district court "may adopt those portions of the . . . [R&R] to which no specific written objection is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *See Eisenberg v. New Eng. Motor Freight, Inc.*, 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008) (internal quotation marks omitted).

### 2. Independent and Adequate State Law Grounds

"A federal habeas court will not review a claim rejected by a state court 'if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment.'" *Beard v. Kindler*, 130 S. Ct. 612, 614 (2009) (alteration in original) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011). "A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed." *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012).

A habeas petitioner normally must first "exhaust[] the remedies available" in state court, 28 U.S.C. § 2254(b)(1)(A), thereby providing the state's courts "the first opportunity to address and correct alleged violations of [the petitioner's] rights," *Coleman*, 501 U.S. at 731. The independent and adequate state ground doctrine is consistent with this principle because otherwise "habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court." *Id.* at 732. Therefore, unless the petitioner shows actual innocence or "cause" and "prejudice," *id.* at 750, federal habeas relief is unavailable when the state court has "declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," and the "state judgment rests on independent and adequate state procedural grounds," *id.* at 729-30. *See also Martinez*, 132 S. Ct. at 1316 ("[A] federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule."); *Carvajal v.*

6

*Artus*, 633 F.3d 95, 104-05 (2d Cir. 2011) ("When a habeas applicant fails to exhaust his federal constitutional claim in state court – and there has been no showing of cause and prejudice or actual innocence – [federal courts] will generally be barred from granting habeas relief.").

"To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.'" *Walker*, 131 S. Ct. at 1127-28 (quoting *Kindler*, 130 S. Ct. at 618); *see also Martinez*, 131 S. Ct. at 1316 ("A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed."). In conducting this analysis, the courts are mindful that in "exceptional cases," the "exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 534 U.S. 362, 376 (2002); *see also Cotto v. Herbert*, 331 F.3d 217, 239 (2d Cir. 2003) (same). "To determine whether [a particular case] involves an exorbitant misapplication of a state rule, [courts] look to see if the state's application serves a legitimate state interest." *Downs v. Lape*, 657 F.3d 97, 102-03 (2d Cir. 2011).

As noted, there are two exceptions to the adequate and independent state law doctrine: first, "[a] prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law." *Martinez*, 132 S. Ct. at 1316; *see also Maples v. Thomas*, 132 S. Ct. 912, 922 (2012) ("The bar to federal review may be lifted, however, if the prisoner can demonstrate cause for the procedural default in state court and actual prejudice as a result of the alleged violation of federal law." (alterations and internal quotation marks omitted)). "Cause for a procedural default exists where something external to the petitioner, something that cannot fairly be attributed to him, impeded his efforts to comply

7

with the State's procedural rule." *Maples*, 132 S. Ct. at 922 (alterations and internal quotation marks omitted).

Second, there is a miscarriage-of-justice exception, which the Supreme Court has recognized "[i]n an effort to 'balance the societal interests in finality, comity, and conservation of scarce judicial resources with the individual interest in justice that arises in the extraordinary case.'" *House v. Bell*, 547 U.S. 518, 536 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "[I]n appropriate cases . . . the principles of comity and finality that inform the concepts of cause and prejudice must yield to the imperative of correcting a fundamentally unjust incarceration." *Id.* (internal quotation marks omitted). Thus, when a constitutional violation has resulted in the conviction of an innocent person, a federal habeas court "may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). This occurs only in truly "extraordinary case[s]," as courts deem legitimate claims of actual innocence to be "extremely rare." *Schlup*, 513 U.S. at 321.

B. Analysis

1. Requirements of New York's Contemporaneous Objection Rule

The Court first considers whether New York's contemporaneous objection rule is an independent and adequate state ground. New York's contemporaneous objection rule is codified at Section 470.05 of New York's Criminal Procedure Law, and provides that "an objection is preserved if the objecting party (1) made his or her position regarding the ruling known to the trial court; (2) made a protest, and the trial court 'expressly decided the question raised on appeal'; or (3) 'without success either expressly or impliedly sought or requested a particular ruling.'" *Downs*, 657 F.3d at 102-03 (alteration omitted) (quoting N.Y. Crim. Proc. Law § 470.05). New York law requires that an argument concerning the sufficiency of the evidence be

made "[a]t the conclusion of the people's case or at the conclusion of all the evidence." N.Y. Crim. Proc. Law § 290.10. Further, "for an argument concerning the sufficiency of the evidence to be preserved, it must be 'specifically directed at the alleged error.'" *Dixon v. Miller*, 293 F.3d 74, 80 (2d Cir. 2002) (quoting *People v. Gray*, 652 N.E.2d 919, 921 (N.Y. 1995)); *see also People v. Hawkins*, 900 N.E.2d 946, 950 (N.Y. 2008) ("To preserve for this Court's review a challenge to the legal sufficiency of a conviction, a defendant must move for a trial order of dismissal, and the argument must be specifically directed at the error being urged." (internal quotation marks omitted)). Thus, "New York courts have consistently held that a *general* motion to dismiss is not sufficient to preserve the contention that the evidence at trial was insufficient to establish a specific element of the crime charged." *Mercado v. Lempke*, No. 07-CV-9865, 2011 WL 5223604, at *11 (S.D.N.Y. July 25, 2011) (emphasis in original) (internal quotation marks omitted), *adopted by* 2011 WL 6122290 (S.D.N.Y. Dec. 7, 2011); *see also Sanchez v. Lee*, No. 10-CV-7719, 2011 WL 924859, at *18 & n.30 (S.D.N.Y. Mar. 16, 2011) (collecting cases), *adopted by* 2011 WL 3477314 (S.D.N.Y. Aug. 8, 2011); *Calderon v. Perez*, No. 10-CV-2562, 2011 WL 293709, at *24 (S.D.N.Y. Jan. 28, 2011) (holding that "boilerplate motion" to dismiss for failure to prove a prima facie case at the end of the prosecution's case, without explanation, did not preserve sufficiency of the evidence claim), *adopted by* 2011 WL 1405029 (S.D.N.Y. Apr. 5, 2011); *Hayward v. Brown*, No. 09-CV-6495, 2010 WL 2629037, at *12-13 (S.D.N.Y. July 1, 2010) (same); *Hawkins*, 900 N.E.2d at 950 ("As we have repeatedly made clear – and underscore again – general motions simply do not create questions of law for this Court's review."). Moreover, a post-verdict motion, such as a CPL § 330.30 motion, does not preserve the sufficiency issue for appeal. *See People v. Hines*, 762 N.E.2d 329, 332 (N.Y. 2001) (holding that in a post-verdict CPL § 330.30 motion, "an insufficiency argument may not

9

be addressed unless it has been properly reserved for review during the trial"); *see also Fernandez v. Smith*, 558 F. Supp. 2d 480, 491 (S.D.N.Y. 2008) ("Under New York state law, neither a general motion to dismiss nor a post-verdict motion is sufficient to preserve an issue for appeal.").

### 2. The Contemporaneous Rule as an Independent and Adequate Ground

The Second Circuit has held that reliance on New York's contemporaneous objection rule constitutes an independent state law ground. *See Whitley v. Ercole*, 642 F.3d 278, 286 (2d Cir. 2011) (noting that "it is with little difficulty that [this Court] conclude[s] that the Appellate Division's express reliance on the state's contemporaneous objection rule in rejecting [petitioner]'s appeal constitutes an 'independent' state law ground for that decision," as federal courts "have no authority to question the state's interpretation of its own procedural law under these circumstances"); *see also Wainwright v. Sykes*, 433 U.S. 72, 86, 90 (1977) (noting that contemporaneous objection rule is an adequate and independent state ground); *Downs*, 657 F.3d at 102 (holding that "[t]he Appellate Division's finding that [petitioner] failed to preserve his . . . claim for appellate review constitutes a state ground that is indisputably independent" of the right to a public trial); *Calderon*, 2011 WL 293709, at *24-25 ("It is well settled that failure to object at trial when required by New York's contemporaneous objection rule is an adequate and independent bar to federal habeas review." (citation omitted) (collecting cases)).

The Second Circuit also has ruled that the contemporaneous objection rule constitutes an adequate ground. "As a general rule, a state ground for decision will be deemed adequate to preclude habeas review of a federal claim if it stems from violation of a rule that is firmly established and regularly followed by the state in question." *Whitley*, 642 F.3d at 286 (internal quotation marks omitted). The Second Circuit has, in fact, held that the contemporaneous

objection rule satisfies these requirements. *See Downs*, 657 F.3d at 104 (noting that the Second Circuit has "held repeatedly that the contemporaneous objection rule is a firmly established and regularly followed New York procedural rule."); *Richardson v. Greene*, 497 F.3d 212, 219 (2d Cir. 2007) ("[I]n accordance with New York case law, application of the state's preservation rule is adequate – i.e., firmly established and regularly followed.").

Petitioner relies on the decisions in three Court of Appeals cases to argue that "the preservation rules are not so strictly applied in situations similar to that in [Petitioner]'s case." (Mem. in Supp. of Pet. for Writ of Habeas Corpus ("Mem.") 8.) These cases in fact show New York's highest court applying the contemporaneous objection rule consistently, and in a manner that is fully in line with the Appellate Division's decision in the instant case. In *Payne* and *Hines*, for example, appellate review was deemed preserved where defendants made CPL § 290.10 motions immediately after the close of the government's case. *See People v. Payne*, 819 N.E.2d 634, 638 (N.Y. 2004) (noting that the court had reserved decision on a CPL § 290.10 motion made at the close of the government's case, and decided the motion at the close of all the evidence); *Hines*, 762 N.E.2d at 331 ("After the People rested their case-in-chief, defendant's attorney moved to dismiss the charges, arguing the People had failed to offer sufficient proof to support a jury inference that defendant exercised dominion or control over the apartment. The Trial Judge denied the motion."). By contrast, in *Hawkins*, appellate review was deemed unpreserved, as defendant had merely made a vague objection at the close of the prosecution's case that the prosecution "failed to prove that Mr. Hawkins acted with Depraved Indifference Murder." 900 N.E.2d at 951. The court held that the motion did not preserve the legal argument for review, because it "could have been directed at either the reckless mens rea element, or the objective circumstances evincing a wanton, depraved indifference to human life, and did not

11

alert the trial court to the argument [that was later] advanced: that defendant acted intentionally, not recklessly in killing the victim." *Id.* Indeed, in *People v. Castellano*, another of the cases cited by Petitioner, the Appellate Division decided that a defendant's "challenge to the sufficiency of the evidence [was] preserved for review as a matter of law because defendant complied with the trial court's directive as to the timing of his sufficiency arguments," the exact argument that Petitioner advances here. 837 N.Y.S.2d 643, 644 (App. Div. 2007). However, the Court of Appeals, in affirming the conviction, held in a one-line order that the defendant's challenge to the sufficiency of the evidence was unpreserved, thus rejecting Petitioner's argument here. 900 N.E.2d 545, 545 (N.Y. 2008) (holding that defendant's "argument that the evidence presented at trial was insufficient to support his conviction for depraved indifference murder [was] unpreserved for this Court's review" (citing *Hawkins*, 900 N.E.2d at 946)).

Therefore, Petitioner's argument that New York state courts do not apply preservation rules strictly in similar situations is unavailing. Petitioner's sufficiency of evidence claim is procedurally barred from federal review, as the state court's decision sufficiently rested on independent and adequate state grounds. *See Cintron v. Fisher*, No. 07-CV-1058, 2012 WL 213766, at *1 (S.D.N.Y. Jan. 24, 2012) (ruling that sufficiency of the evidence claim was procedurally barred, where "[p]etitioner made a general motion to dismiss at the end of the trial and did not identify the precise defect later raised on appeal," because petitioner's motion "was not 'specifically directed' at the alleged error"); *Hawkins*, 900 N.E.2d at 951 (holding that defense counsel had not made sufficiently specific objection to preserve appellate review); *Castellano*, 900 N.E.2d at 545 (same).

12

### 3. Exorbitant Misapplication

After determining that New York's contemporaneous objection rule constituted an independent and adequate ground for disposing of Petitioner's claim, and that the rule is firmly established and regularly followed in these circumstances, the Court now reviews whether Petitioner may nonetheless be entitled to habeas corpus relief if this case "fall[s] within *Lee*'s 'limited category' of 'exorbitant' misapplications of state law that serve no legitimate state interest." *Downs*, 657 F.3d at 104 (quoting *Lee*, 534 U.S. at 376). *Lee* set forth three considerations which the Second Circuit has described as "guideposts" that inform the inquiry of whether the application of the state rule was "so 'exorbitant' as to render it inadequate to preclude habeas review of the federal claim." *Whitley*, 642 F.3d at 287-88. The three considerations are: whether "perfect compliance with the state procedural rule would . . . have led to a different outcome"; whether any state court decisions directed "flawless compliance" with the relevant state rule "in the unique circumstances this case presents"; and most importantly, whether defense counsel "substantially complied" with the state rule "given the realities of trial." *Id.* at 287 (internal quotation marks omitted). In applying *Lee*, the Second Circuit has noted that a federal habeas court is not to "'reexamine state-court determinations on state-law questions,'" even if it might have found the claim preserved had it been sitting as a judge of the Appellate Division. *Downs*, 657 F.3d at 105 (quoting *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).

All three considerations mitigate against a finding that Petitioner's claim was preserved. First, perfect compliance might well have led to a different outcome, as "it is defense counsel who is charged with the single-minded, zealous representation of the client and thus, of all the trial participants, it is defense counsel who best knows the argument to be advanced on the

13

client's behalf." *Hawkins*, 900 N.E.2d at 951. Indeed, Petitioner's timely and specific challenge as to the sufficiency of the evidence on the firearms charges led to a reopening of the People's case. *Maloy*, 826 N.Y.S.2d at 848. Had Petitioner timely objected to the sufficiency of the evidence on the murder charge, the trial judge could have taken appropriate steps with regard to that charge as well. Second, as noted above, New York state courts have consistently applied the contemporaneous objection rule. *See, e.g.*, *Castellano*, 900 N.E.2d at 545; *Hawkins*, 900 N.E.2d at 951; *Payne*, 819 N.E.2d at 638; *Hines*, 762 N.E.2d at 331-32. Third, Petitioner did not substantially comply with this strict rule, even given "the realities of trial," *Whitley*, 642 F.3d at 287, and the trial judge's comments. As noted above, New York courts lay the burden of contemporaneous objection entirely on the defendant. Petitioner's statement "[t]here is one issue though I need to address right now," (Trial Tr. 966), could in fact be interpreted as recognition of that rule, as Petitioner then offered a specific sufficiency of the evidence argument as to the firearms charges. Thus, this last factor cuts decidedly against Petitioner. *See Rivera v. Graham*, No. 11-CV-3546, 2012 WL 397826, at *3 (E.D.N.Y. Feb. 7, 2012) ("General motions to dismiss do not preserve unstated arguments."); *Calderon*, 2011 WL 293709, at *24 (holding that "boilerplate motion" to dismiss for failure to prove a prima facie case at the end of the prosecution's case, without explanation, did not preserve the sufficiency of the evidence claim); *Farino v. Ercole*, No. 07-CV-3592, 2009 WL 3232693, at *9 (E.D.N.Y. Sept. 30, 2009) ("Where, as here, a generalized motion fails to articulate any reason to dismiss a particular charge, sufficiency of the evidence is unpreserved.").

Relatedly, the Appellate Division's decision here furthers legitimate state interests. New York courts have clearly explained the state interest in the contemporaneous objection rule:

14

> [A] specific motion brings the claim to the trial court's attention, alerting all parties in a timely fashion to any alleged deficiency in the evidence, thereby advancing both the truth-seeking purpose of the trial and the goal of swift and final determination of guilt or nonguilt of a defendant. A defendant's motion for a trial order of dismissal that specifies the alleged infirmity helps to assure that legally insufficient charges will not be submitted for the jury's consideration, and serves the overall interest in an efficient, effective justice system.

*Hawkins*, 900 N.E.2d at 950 (citation omitted); *see also Downs*, 657 F.3d at 106 ("In general, New York's contemporaneous objection rule seeks to ensure that parties draw the trial court's attention to any potential error while there is still an opportunity to address it, and to prevent those who fail to do so from sandbagging the opposing party and the trial court on appeal." (internal quotation marks omitted)). This case demonstrates the validity of these policy concerns: as the Appellate Division noted, because Petitioner did not properly propound his challenge, the trial court had no "opportunity to cure before a verdict was rendered," as it was able to do when Petitioner sought a "dismissal of all weapons charges for the failure of the People to present evidence concerning the operability of the bullet found within the gun," and the trial court "properly allowed the People to reopen their case." *Maloy*, 826 N.Y.S.2d at 848; *see also Sanchez*, 2011 WL 924859, at *17 (where defense counsel, "[a]fter a detailed motion to dismiss the intentional murder count," did not "provide any specific arguments about the insufficiency of the evidence relating to the depraved indifference murder count," sufficiency of evidence challenge to depraved indifference murder count was not preserved).

### 4. Cause and Prejudice

Petitioner has failed to demonstrate cause and prejudice to allow this Court to review his sufficiency of the evidence claim. "The rules for when a prisoner may establish cause to excuse a procedural default are elaborated in the exercise of the Court's discretion," and "reflect an equitable judgment that only where a prisoner is impeded or obstructed in complying with the

State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default." *Martinez*, 132 S.Ct. at 1318. To show cause, a petitioner must generally establish "that some objective factor external to the defense impeded counsel's efforts to comply with the [s]tate's procedural rule." *Murray*, 477 U.S. at 488. "The mere fact that trial counsel 'failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.'" *Cintron*, 2012 WL 213766, at *2 (quoting *Murray*, 477 U.S. at 486). As the Supreme Court has noted, "[s]o long as a defendant is represented by counsel whose performance is not constitutionally ineffective . . . [there is] no inequity in requiring [the defendant] to bear the risk of attorney error that results in a procedural default." *Murray*, 477 U.S. at 488; *see also Maples*, 132 S. Ct. at 922 (holding that negligence by attorney did not qualify as cause, "because the attorney is the prisoner's agent, and under 'well-settled principles of agency law,' the principal bears the risk of negligent conduct on the part of his agent" (quoting *Coleman*, 501 U.S. at 753)). In order to show prejudice, a petitioner must show "not merely that the errors at . . . trial created a *possibility* of prejudice but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 153 (1982) (emphasis in original).

Petitioner does not argue that cause and prejudice exist here. Perhaps the best argument to be made is that the trial judge's statement "on the record you are reserving all the rights to a trial order of dismissal" was an objective factor external to the defense which impeded counsel's efforts to comply with the contemporaneous objection rule. This is the type of argument that the Appellate Division in *Castellano* found convincing, when it held that the defendant's "challenge to the sufficiency of the evidence [was] preserved for review as a matter of law because

defendant complied with the trial court's directive as to the timing of his sufficiency arguments." 837 N.Y.S.2d at 644. The Court of Appeals did not agree, however, and in holding that defendant's sufficiency argument was unpreserved for review, implicitly rejected the argument that mere compliance with a trial court's directive as to the timing of sufficiency arguments could excuse non-compliance with New York's contemporaneous evidence rule. *Castellano*, 900 N.E.2d at 545.

### 5. Fundamental Miscarriage of Justice

The last argument left to Petitioner is that his conviction was a miscarriage of justice, because he is innocent. *See House*, 547 U.S. at 536 (noting that there is a "miscarriage-of-justice exception" to the rule that "claims forfeited under state law may support federal habeas relief only if the prisoner demonstrates cause for the default and prejudice from the asserted error"). As the Second Circuit has explained:

> because 'actual innocence' means factual innocence rather than just legal insufficiency, the question does not turn on whether [Petitioner]'s counsel could have made a successful objection to the jury charge or verdict based on New York procedural law. Instead, the question depends on whether it is more likely than not that no reasonable juror would have concluded that [Petitioner] engaged in conduct that meets the required elements of each of the charges.

*Sweet v. Bennett*, 353 F.3d 135, 142 (2d Cir. 2003); *see also Fernandez*, 558 F. Supp. 2d at 490 (noting that petitioner must supplement his alleged constitutional violation with a "'colorable showing of factual innocence' . . . not just a showing of legal insufficiency") (quoting *McCleskey v. Zant*, 499 U.S. 467, 495 (1991))).

Here, where Petitioner concedes that he "armed himself and some friends with a gun, knife, golf clubs and a Molotov cocktail," and when he saw Williams he "carried out his clear purpose, trying to discharge a gun at Williams' head and presiding over an assault by his cohorts

17

against whoever was there," (Mem. 11-12), Petitioner has not surprisingly failed to make the required showing of actual innocence. Simply put, the course of events initiated by Petitioner resulted in the death of a bystander. *See Lampon v. Lavalley*, No. 10-CV-2591, 2011 WL 684623, at *11 (E.D.N.Y. Feb. 16, 2011) (holding that petitioner did not establish actual innocence on depraved indifference murder conviction, where he "conceded that he murdered" the victim, and "essentially argue[d] 'not that the evidence of his culpability [was] too weak, but that it [was] too strong'" (alterations omitted) (quoting *Policano v. Herbert*, 453 F.3d 79, 80 (2d Cir. 2006) (Raggi, J., dissenting))); *see also Sweet*, 353 F.3d at 142 (holding that fact that petitioner "was convicted of committing an act with the intent to cause physical injury to [the victim] does not rule out the possibility that he also unintentionally (and recklessly) created a risk of [the victim]'s death"); *Davis v. People*, No. 07-CV-9265, 2011 WL 2518951, at *10 (S.D.N.Y. May 18, 2011) ("[T]his clearly is not a case in which [petitioner] can allege actual innocence since he admits that he shot and killed [the victim]."), *adopted by* 2011 WL 2519206 (S.D.N.Y. June 23, 2011).

"Because [the Court] find[s] that [Petitioner]'s insufficiency claim was procedurally defaulted, [the Court] need not, and do[es] not, consider its merits: whether the evidence presented to the jury was sufficient . . . to support a constitutionally valid guilty verdict for depraved indifference murder." *DiSimone v. Phillips*, 461 F.3d 181, 191 n.10 (2d Cir. 2006).

### III. Conclusion

For the reasons stated above, the Court adopts the conclusions of the R&R, and finds that Petitioner's claims do not warrant habeas relief. Accordingly, it is

ORDERED that the R&R, dated February 9, 2011, is ADOPTED in its entirety. It is further

ORDERED that the Petition for Writ of Habeas Corpus is DISMISSED with prejudice. It is further

ORDERED that because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111-12 (2d Cir. 2000), and the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. It is further

ORDERED that the Clerk of the Court is respectfully directed to enter a judgment in favor of Respondents and to close this case.

SO ORDERED.

Dated:     White Plains, New York
          June 27, 2012

                                        KENNETH M. KARAS
                                      UNITED STATES DISTRICT JUDGE

**Service List** (via ECF):

Malvina Nathanson, Esq.
30 Vesey Street
2nd Floor
New York, NY 10007-2914
(212) 608-6771
Fax: (212)-500-2729
Email: malvinanathanson11@verizon.net
Counsel for Petitioner

Stephen F. Lungen, Esq.
Bonnie Mae Mitzner, Esq.
Sullivan County District Attorney's Office
Sullivan County Courthouse
Monticello, NY 12701
(845)-292-5435
Fax: (845)-794-3344
Email: bonnie.mitzner@co.sullivan.ny.us
Counsel for Respondents

**Copy To:**
Hon. George A. Yanthis
United States Magistrate Judge